IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ELIZABETH SCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-5011-SSA-CV-SW-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Elizabeth Schell seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on January 31, 3013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff received SSI disability benefits when she was a child.  As required by law, the Social Security Administration redetermined whether plaintiff's disability should continue when she reached the age of 18.  The agency determined that plaintiff's disability had ceased and plaintiff appealed the decision.  The administrative law judge (ALJ) considered plaintiff's claim and determined plaintiff was not disabled, as defined by the Social Security Act.

Plaintiff argues the ALJ erred in failing to find her asthma to be a severe impairment; in determining plaintiff did not meet the criteria for Listing 12.05C; in evaluating plaintiff's credibility; and in determining plaintiff's residual functional capacity (RFC).

Upon review, this Court finds the ALJ's analysis was proper and is supported by substantial evidence in the record as a whole.

The ALJ did not err in evaluating plaintiff's severe impairments.  The evidence in the record, including medical evidence and the testimony of plaintiff, does not support that plaintiff's asthma was a severe impairment.

The ALJ did not err in the determination that plaintiff did not meet Listing 12.05C. Under Listing 12.05C, a claimant is considered mentally retarded if she shows (1) a valid verbal performance or full-scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; McNamara v. Astrue, 590 F.3d 607, 610-11 (8th Cir. 2010). Here, the ALJ properly concluded that while plaintiff's IQ scores were within range and her onset was before age 22, her asthma was a not a physical impairment which imposed additional limitations. The Eighth Circuit has stated that the additional limitation required to meet Listing 12.05C need not be disabling, but must have more than slight or minimal effect on the claimant's ability to perform work activities. McNamara, 590 F.3d at 611. Here, plaintiff testified she had never had an asthma attack and no physician has limited her activities due to her asthma. See id. at 607 (court found that claimant had not shown her obesity significantly affected any work-related functions because neither the claimant nor any physician had opined that her obesity caused her any physical limitations).

The ALJ did not err in evaluating plaintiff's credibility. Where adequately explained and supported, credibility findings are for the ALJ to make. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Here, the ALJ gave good reasons for discrediting plaintiff's claims that she suffered from disabling, functional and social limitations. The ALJ specifically cited to evidence in the record showing inconsistencies between plaintiff's allegations of disabling symptoms and her daily and social functioning. See Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003) (subjective complaints of physical/mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence). There is substantial evidence in the record supporting the ALJ's credibility evaluation of the plaintiff. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

Finally, the ALJ did not err in determining plaintiff's RFC. Plaintiff's argument that her IQ scores from 2005, when she was 15 years of age, are a more valid representation of her intellectual capabilities, rather that her 2008 IQ scores, has no merit. The 2008 scores are plaintiff's most recent IQ scores, and moreover, are her only IQ scores after she turned age 16.

3

The regulations state that IQ scores for children do not stabilize until age 16. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.00(D)(1).

Moreover, the ALJ's RFC is supported by substantial evidence in the record as a whole. This evidence includes plaintiff's IQ scores; a psychological consultative examination conducted on April 22, 2008, by Jan Kent, Ph.D.; the opinion of state agency medical psychologist Geoffrey Sutton; a questionnaire submitted by a teacher; as well as written statements of Ramona Ball, a third party.

## Conclusion

There is substantial evidence in the record to support the decision of the ALJ that plaintiff is not disabled as defined by the Social Security Act.[2]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 4th day of February, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.